UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Case No. _____

| | |
|---|---|
| STEPHON ALEXANDER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ADSC HOLDINGS, INC., )<br>)<br>Defendant(s). )<br>_____ ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. This action is brought to remedy violations of the Americans with Disabilities Act of 1990("ADA"), 42 U.S.C. §§ 12101, 12112(b), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub. L. No. 110-325, §8; 122 Stat. 3553 (Sept. 25, 2008).

2. Compensatory and punitive damages are both sought and liquidated damages.

3. Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law such as 28 U.S.C. §2412(b).

4. Defendant, through administration and management, failed to accommodate Plaintiff, with respect to discipline of mental health related conduct, thus causing his separation. As a result of Defendant's conduct, Plaintiff suffered offenses and damages as set forth herein.

5. Plaintiff, a male former employee of Defendant, is a citizen of the United States and a resident of Florence, South Carolina.

1

6. Plaintiff lives with mental health diagnoses and could perform the majority of his job duties with accommodation.

7. Defendant, ADSC Holdings, Inc., upon information and belief, is incorporated in Delaware and operates Active Day of Florence located at 2111 Jody Road Florence, South Carolina.

8. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

9. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

10. Plaintiff was employed at Active Day of Florence in Florence, SC from August 15, 2023 to May 14, 2024 as a Bus Driver transporting Active Day members.

11. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7).

12. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 USC §12111(2).

13 Plaintiff was issued a notice of right to sue from the US Equal Employment Opportunity Commission (EEOC) dated March 7, 2025, regarding his charge of disability discrimination, EEOC Charge 436 - 2024 - 02470. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII of the Civil Rights Act of 1964 and the South Carolina Human Affairs Laws.

14. Plaintiff began his employment with the Active Day of Florence in August 2023, and Plaintiff was working as a paratransit under the supervision of Julia Johnson.

15. Plaintiff was performing satisfactorily with no history of significant discipline.

16. In March, Plaintiff had to seek medical attention for dehydration and he was released to return to work; and this medical event was recorded by the Employer.

17. Plaintiff had properly and previously requested paid time off for the period of April 17, 2024 to April 30, 2024. Before he took leave, Plaintiff indicated to his supervisor that he needed time off from work, which she agreed was needed due to his abnormal conduct.

18. Plaintiff's co-worker who gave Plaintiff a ride home the day before his PTO also noted Plaintiff's abnormal conduct and reported to corporate that Plaintiff had been acting "out of the ordinary" at the end of the day on April 16.

19. Plaintiff commenced his leave. While on leave, it was confirmed that Plaintiff had experienced a mental health event and Plaintiff was treated and released to return to work May 15.

20. While Plaintiff was on leave, Plaintiff's co-worker who gave Plaintiff a ride home on April 16, began to share with co-workers, the abnormal conduct of Plaintiff that she had witnessed.

21. Plaintiff's mother informed Plaintiff's supervisor on or about April 21, 2024, that Plaintiff was hospitalized.

22. Defendant requested from Plaintiff a Return to Work note on April 29, 2024, to which Plaintiff did not have, as Plaintiff was not released to return to work and was

in treatment. Defendant never informed Plaintiff he was terminated or even under investigation for policy violation at the time of this call.

23. Plaintiff received his return to work note on May 13 or May 14, which he provided to the employer that he could return to work May 15.

24. Before Plaintiff returned to work, Plaintiff was questioned for the first time about allegations of flashing a gun on the day that both his supervisor and co-worker reported abnormal behavior, just before he was diagnosed with a mental health disorder and/or episode.

25. Prior to the day of his reported abnormal behavior, Plaintiff was clearly working satisfactorily with no history of significant discipline.

26. Despite Defendant being on notice of Plaintiff's abnormal conduct, despite Defendant being on notice of Plaintiff's hospitalization and despite receiving medical documentation from Plaintiff in order to return to work, Defendant still chose to discipline Plaintiff for disability related conduct.

27. Defendant knew or should have known of Plaintiff's medical condition as Defendant employees witnessed Plaintiff's behavior and were informed of Plaintiff's hospitalization as soon as practicable from the date of discovery.

28. Defendant did not perform any accommodation analysis to determine the extent of Plaintiff's condition, conduct related to Plaintiff's condition, and the relation between Plaintiff's condition and conduct on April 16.

29. Defendant denied Plaintiff a reasonable accommodation in the form of modified discipline once Defendant was aware of Plaintiff's medical condition.

30. Defendant terminated Plaintiff for disability related conduct.

31. Plaintiff is unaware of any employees similarly situated who were terminated for policy violations in the same manner as Plaintiff.

32. On the various dates and occasions, Plaintiff was supervised and disciplined in an unfair, unequal, and/or harassing way, as explained above, which segregated him and adversely affected his status as an employee, because of his disability or the employer's perceived disability and a failure to accommodate. Similarly situated employees outside of Plaintiff's protected class did not receive this treatment.

33. Defendant was on notice, or should have been on notice, of the actions of its subordinates or employees, and all failed to correct such discriminatory actions of its employees. Defendant's acts of discrimination retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights and rights under FMLA.

34. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff, as he was terminated and/or not otherwise accommodated under ADA for disability related conduct before he could even return from medical leave.

35. As a result of the abrupt discriminatory termination of Plaintiff, Plaintiff has suffered economic loss, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation.

## COUNT I
## (VIOLATION OF ADA)

36. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

37. Plaintiff is a member of a protected class as a person living with a mental health conditions or a person regarded as disabled by his employer.

38. Plaintiff was performing satisfactorily, when he was terminated in response to Plaintiff needing days off and a medical leave of absence, a need which was identified while Plaintiff was on PTO but exhibited documented symptoms on April 16 while at work.

39. The Americans with Disabilities Act, as amended, protects qualified individuals with disabilities from discrimination on the basis of disability.

40. As described above, Defendant's actions and practices – of failing to accommodate Plaintiff with modified discipline, failing to perform any interactive accommodation inquiry with respect to Plaintiff's disability and work ability or accommodation needed, in terminating Plaintiff before he could return to work or before making further inquiry with Plaintiff's physician - all discriminate and retaliate against Plaintiff on the basis of disability and therefore violate the Americans with Disabilities Act of 1990, as amended.

41. Defendant perceived Plaintiff as or regarded Plaintiff as disabled once made aware of Plaintiff's hospitalization, and denied Plaintiff a reasonable accommodation or perform an interactive accommodation search. Defendant then terminated Plaintiff immediately upon his presenting of a doctor's note and request to return to work.

42. Defendant was aware of Plaintiff's medical condition, medical leave, and abnormal conduct related to disability, and Defendant never considered modified discipline or any other accommodation while Defendant knew Plaintiff was out on extended leave beginning April 30 and ending May 15, the date he was released to return to work.

43. Defendant discriminated against Plaintiff on the basis of actual or perceived disability for disability related conduct and after receiving a medical note returning Plaintiff to work on May 15.

44. Plaintiff suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Award Plaintiff, under ADA reinstatement, back pay and other compensatory and punitive damages in an amount to be determined by a jury;

B. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. §12205 and 42 U.S.C. §12117;

C. Directing Defendant to pay Plaintiff compensatory damages and damages for his emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) in the amount to be determined by a jury;

D. Awarding Plaintiff such other and further relief pursuant to 29 U.S.C. §2617 as this Court deems just and proper;

E.  Award Plaintiff, under 42, U.S.C. §2000e-5(k), reasonable attorney fees and costs of this action; and,

F.  Award Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By:    s/ Pheobe A. Clark
**Pheobe A. Clark**, Federal ID No. 9888
Post Office Box 13057
Florence, SC 29504-3057
Phone: (843) 669-5634
Fax: (843) 669-5150

June 4, 2024