IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Stephon Alexander, | ) | Case No.: 4:25-04839-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER ON REPORT AND** |
| ADSC Holdings, Inc., | ) | **RECOMMENDATION** |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 11), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) of the District of South Carolina.[1] (DE 11.) The Report recommends granting Defendant ADSC Holdings, Inc.'s Motion to Dismiss (DE 6) and dismissing Plaintiff Stephon Alexander's Complaint without leave to amend. Plaintiff filed timely objections to the Report (DE 13), and Defendant filed a reply to the objections (DE 14). Accordingly, the matter is ripe for review.

A.    **Background**

The Report sets forth the relevant factual allegations and governing legal standards, which the Court incorporates herein by reference. In brief,

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff Stephon Alexander ("Plaintiff") initiated this action on June 4, 2025, alleging that his former employer, ADSC Holdings, Inc. ("Defendant" or "Active Day"), violated the Americans with Disabilities Act ("ADA"). (DE 1.) Defendant employed plaintiff as a bus driver transporting Active Day members. (*Id.* ¶ 10.) Plaintiff alleges that in April 2024, he experienced what was later diagnosed as a mental health episode and took leave from work. (*Id.* ¶¶ 17–19.) While on leave, Plaintiff's mother notified Defendant that Plaintiff had been hospitalized. (*Id.* ¶ 21.) Plaintiff obtained a return-to-work note authorizing him to resume work on May 15, 2024. (*Id.* ¶ 23.)

Plaintiff further alleges that before he returned to work, Defendant questioned him regarding allegations that he had flashed a gun on the day coworkers reported observing abnormal behavior. (*Id.* ¶ 24.) Plaintiff contends that despite being on notice of his medical condition and hospitalization, Defendant terminated his employment based on this conduct, which Plaintiff characterizes as "disability related." (*Id.* ¶¶ 26, 30.) Plaintiff asserts that before this incident, he had been performing his job satisfactorily and had no significant disciplinary history. (*Id.* ¶ 25.)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right-to-sue letter. (*Id.* ¶ 13.) The Complaint asserts a single cause of action under the ADA, referencing theories of discrimination, retaliation, and failure to accommodate. (*Id.* ¶¶ 36–44.)

On August 8, 2025, Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment pursuant to Rule 12(b)(6). (DE 6.) Plaintiff filed a response in opposition (DE 8), and Defendant filed a reply (DE 9).

## B.    Report and Recommendation

The Magistrate Judge considered the matter under Rule 12(b)(6) and issued the Report recommending dismissal of the Complaint without leave to amend. (DE 11.) The Report first declines to convert Defendant's motion into one for summary judgment, noting that discovery has not commenced and that consideration of materials outside the pleadings would be premature. (*Id.* at 1–2.)

Turning to the merits, the Report concludes that Plaintiff fails to state a plausible claim under the ADA as a matter of law. Relying on binding Fourth Circuit precedent, the Magistrate Judge determined that the ADA is not violated when an employer discharges an employee for misconduct, even if the misconduct is related to a disability. (*Id.* at 6–9.) Accepting the Complaint's allegations as true—including that Plaintiff was questioned regarding flashing a gun and terminated for that conduct—the Report finds that such misconduct-based termination does not give rise to an actionable ADA claim. (*Id.* at 7–8 (citing *Jones v. Am. Postal Workers Union*, 192 F.3d 417 (4th Cir. 1999), and related authority).)

The Report further concludes that Plaintiff's retaliation and failure-to-accommodate theories fail for similar reasons. The Magistrate Judge notes that Plaintiff did not allege that he requested a reasonable accommodation before his termination and that, under controlling precedent, misconduct, even if disability-

related, need not be accommodated. (*Id.* at 8–9.) The Report also addresses Plaintiff's reliance on out-of-circuit authority and EEOC guidance, determining that such materials do not override binding Fourth Circuit case law. (*Id.* at 9–10.)

Finally, the Report recommends dismissal without leave to amend, finding that amendment would be futile in light of the settled legal principles governing disability-related misconduct within this Circuit. (*Id.* at 10–11.)

## C.    Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—*factual and legal*—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D.    Plaintiff's Objections

Plaintiff timely filed an objection to the Report. (DE 13.) Plaintiff principally contends that the Report overlooks what he characterizes as an "important element" of ADA law—namely, that an employer may discipline disability-related misconduct

only if the conduct rule is job-related, consistent with business necessity, and applied equally to disabled and non-disabled employees. Plaintiff argues that the Report failed to engage in this additional inquiry and instead relied too heavily on Fourth Circuit decisions that, in Plaintiff's view, do not fully account for Equal Employment Opportunity Commission ("EEOC") guidance addressing conduct standards for employees with disabilities. Plaintiff further maintains that dismissal at the pleading stage is improper because discovery is necessary to determine whether Defendant uniformly applied its conduct policies and whether the no-weapons rule was job-related and consistent with business necessity. Finally, Plaintiff renews his request for leave to amend should the Court find any deficiency in the Complaint.

The Court has conducted a *de novo* review of those portions of the Report to which Plaintiff specifically objects. Having done so, the Court agrees with the Magistrate Judge's analysis and conclusions. As the Report correctly explains, binding Fourth Circuit precedent holds that the ADA is not violated when an employer discharges an employee for misconduct, even where the misconduct is related to a disability. See, e.g., *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 429 (4th Cir. 1999); *Pence v. Tenneco Auto. Operating Co., Inc.*, 169 F. App'x 808, 811 (4th Cir. 2006). Plaintiff does not meaningfully distinguish these cases. Instead, he urges the Court to adopt an analytical framework derived from EEOC enforcement guidance and out-of-circuit authority that would require additional factual inquiry into business necessity and uniform enforcement. *See Mincer v. Alvarez*, EEOC

Petition No. 03990021 (May 25, 2000); *see also Den Hartog v. Wasatch Academy*, 129 F.3d 1076, 1086 (10th Cir. 1997).

The Court is not persuaded. While EEOC guidance may be instructive, it is not binding authority, and it does not override controlling Fourth Circuit precedent. Moreover, even the EEOC guidance cited by Plaintiff recognizes that employers retain broad latitude to enforce workplace conduct rules—particularly those concerning safety, threats of violence, or possession of weapons—so long as such rules are job-related and consistent with business necessity. (DE 8 at 12; DE 13 at 4-5.)

Accepting the allegations of the Complaint as true, Plaintiff was questioned regarding flashing a gun and was terminated for that conduct. A workplace prohibition on firearms—particularly in a setting involving vulnerable individuals— plainly implicates workplace safety and business necessity concerns. Nothing in the Complaint plausibly alleges that Defendant selectively enforced its conduct standards or treated similarly situated non-disabled employees more favorably.

Plaintiff's argument that discovery is necessary does not alter the analysis at this stage. To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to state a plausible claim for relief. Conclusory assertions that Defendant may not have uniformly applied its policies, unsupported by factual allegations, do not satisfy that standard. The pleading stage does not unlock the doors of discovery for a plaintiff armed with nothing more than speculation.

For similar reasons, Plaintiff's retaliation and failure-to-accommodate theories do not survive. The Complaint does not allege that Plaintiff requested a reasonable

accommodation before his termination, and misconduct—even if disability-related—does not itself require accommodation under controlling authority. Nor do Plaintiff's objections identify any factual allegations that would plausibly state a retaliation claim independent of the misconduct-based termination.

Finally, the Court agrees with the Magistrate Judge that amendment would be futile. Plaintiff has not proffered a proposed amended complaint or identified additional facts that would cure the legal deficiency identified in the Report. In light of the settled law within this Circuit regarding disability-related misconduct, amendment would not alter the outcome.

Accordingly, Plaintiff's objections do not demonstrate error in the Report's reasoning or conclusions.

**E.    Conclusion**

Accordingly, after a *de novo* review of the Report and Recommendation, the record, and applicable law, the Court overrules Plaintiff's objections and adopts the Report (DE 11) in its entirety. Defendant's Motion to Dismiss (DE 6) is granted. Plaintiff's Complaint is dismissed with prejudice, and no amendment shall be permitted, as an amendment would be futile under controlling Fourth Circuit precedent.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 17, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.